UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HARBOR DENTAL ASSOCIATES, LLC, | Case No. 25-CV-0824 (PJS/SGE) |
| Plaintiff, | |
| v. | ORDER |
| PATTERSON DENTAL SUPPLY, INC., | |
| Defendant. | |

---

Jared M. Goerlitz, GOERLITZ LAW, PLLC, for plaintiff.

Jordan L. Weber and Aaron G. Thomas, TAFT STETTINIUS & HOLLISTER LLP, for defendant.

Plaintiff Harbor Dental Associates, LLC ("Harbor") contracted with defendant Patterson Dental Supply, Inc. ("Patterson") for the sale, delivery, and installation of dental equipment. Harbor brings breach-of-contract and fraud claims, alleging that Patterson improperly installed the equipment and failed to rectify the problem.

This matter is before the Court on Patterson's motion to dismiss. For the reasons that follow, Patterson's motion is granted.

I. BACKGROUND

Harbor reached out to Patterson in February 2019 about obtaining dental equipment for its new dental office. Compl. ¶¶ 4–5. Harbor sought all of the equipment needed for the full-service operation of a dental practice, including dental chairs, cuspidors, water kits, touchpads, software, and other supplies. Compl. ¶¶ 4, 6.

On February 19, 2019, the parties entered into a contract for sale that included delivery and installation. Compl. ¶¶ 7–8; Weber Aff. Ex. A. On March 7 and 11, 2019, the parties entered into installment-sale contracts that set forth financing terms and granted Patterson a security interest in the equipment. Compl. ¶¶ 10–11; Weber Aff. Exs. B, C. Shortly afterward, also in March 2019, Patterson installed some of the dental equipment. Compl. ¶ 12. Harbor immediately notified Patterson that it was unhappy with the installation of the dental chairs. Compl. ¶ 13. Harbor was especially peeved that the installation team, while at Harbor's office, had to watch online videos to figure out how to install the dental chairs. Compl. ¶ 13.

Harbor began experiencing problems with the chairs soon after installation. Compl. ¶¶ 14–15. In March 2019, Harbor notified Patterson that it was having problems with the cavitron unit, the foot pedal in the hygiene operatory, and an x-ray unit. Compl. ¶ 15. There were also power shortages and leaks. Compl. ¶ 15. Harbor informed Patterson that a dental chair was a "lemon." Compl. ¶ 16.

Patterson attempted repairs, but its efforts were unsuccessful. Compl. ¶¶ 16–17, 19. Consistent with the February contract for sale, which obligated Patterson to undertake repairs for 90 days without charging for labor, Patterson did not initially charge Harbor for the repairs. Compl. ¶ 18; Weber Aff. Ex. A at 6 ¶ 4(c). Later, though, Patterson began charging for repairs, despite Harbor complaining that the chairs were

-2-

"lemons" and deficiently installed.  Compl. ¶ 20.  In December 2021, Harbor requested a waiver of over $11,000 in repair charges that Harbor claimed it should not have been asked to pay.  Compl. ¶ 22.  As a result of Patterson's failure to fix the problems, Harbor had to cancel and reschedule appointments and hire additional dentists to reduce the backlog when the equipment was working.  Compl. ¶ 25.  Eventually, the dentist who had started the practice left due to the stress associated with the defective equipment.  Compl. ¶ 26.

In March 2024, Harbor moved to a new location.  Compl. ¶ 27.  The dental-equipment professionals that Harbor hired to move the equipment discovered that various tubes in a junction box were crammed and kinked.  Compl. ¶ 28.

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). But the court may consider materials that are necessarily embraced by the complaint, as well as any exhibits attached to the complaint, without converting the motion into one for summary judgment. *Gillick v. Elliott*, 1 F.4th 608, 610 n.2 (8th Cir. 2021).

## B. Fraud Claims

Harbor brings claims of fraud under the common law and claims of consumer fraud under Minn. Stat. § 325F.69. Under Fed. R. Civ. P. 9(b), fraud must be pleaded with particularity. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 590 (8th Cir. 2018). To satisfy this standard, a plaintiff must allege such matters as "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Id.* (citation omitted). This requirement applies both to common-law fraud claims and to fraud claims under § 325F.69. *See E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659, 665 (8th Cir. 2012).

Harbor's common-law fraud claim is premised on the allegation that,"[d]uring the conversations between Harbor Dental and Patterson leading up to the purchase, Patterson misrepresented that the dental equipment sold would be installed in a

professional manner." Compl. ¶ 38. Harbor's § 325F.69 claim does not identify any specific conduct by Patterson; instead, it simply alleges that

> Patterson committed unlawful conduct, namely by engaging in unconscionable business practices, including but not limited to deception, fraud, false pretense, false promise, misrepresentation and/or engaged in knowing concealment, suppression, and/or omission of a material fact with the intent that the Harbor Dental rely upon such concealment, suppression, and/or omission of the material fact.

Compl. ¶ 46.

These allegations are clearly insufficient to satisfy Rule 9(b). Indeed, Harbor's § 325F.69 claim, which simply recites the statutory list of prohibited conduct, would not even satisfy Fed. R. Civ. P. 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The most obvious problem with the claims is that Harbor does not identify the person who made the alleged misrepresentation that the dental chairs would be "professionally" installed. *See Munro*, 899 F.3d at 590 (to satisfy Rule 9(b), a plaintiff must, among other things, allege "the identity of the person making the misrepresentation" (citation omitted)). Harbor contends that, under Rule 9(b), it suffices for Harbor to allege that "Patterson" (the corporate entity) made the misrepresentation. And there are indeed cases finding that, in certain circumstances,

attributing a misrepresentation to an entity is sufficient. But many of these cases involve statements that can properly be attributed to the entity as a whole, such as advertising or corporate filings. *See, e.g., Corp. Comm'n of Mille Lacs Band of Ojibwe Indians v. Money Centers of Am., Inc.*, No. 12-CV-1015 (RHK/LIB), 2012 WL 5439170, at *6 (D. Minn. Nov. 7, 2012) (corporate vendor-license application); *Blue Cross & Blue Shield of Minn. v. Wells Fargo Bank, N.A.*, No. 11-CV-2529 (DWF/JJG), 2012 WL 1343147, at *3 (D. Minn. Apr. 18, 2012) (corporate documents); *McGregor v. Uponor, Inc.*, No. 09-CV-1136 (ADM/JJK), 2010 WL 55985, at *4 (D. Minn. Jan. 4, 2010) (statements on corporate website); *Axcan Scandipharm Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007) (advertising); *Solvay Pharms., Inc. v. Glob. Pharms.*, 298 F. Supp. 2d 880, 886 (D. Minn. 2004) (advertising and marketing); *In re Ancor Commc'ns, Inc.*, 22 F. Supp. 2d 999, 1003–04 (D. Minn. 1998) (corporate filings and press releases).

Other cases excuse the failure to particularly identify the speaker on the basis that the remaining allegations provide enough information to enable the defendant to readily identify the speaker itself. *See, e.g., Stumm v. BAC Home Loans Servicing, LP*, 914 F. Supp. 2d 1009, 1013–14 (D. Minn. 2012) (dismissing fraud claims, but noting that "[t]he failure to provide the name of an employee who made an allegedly fraudulent statement is not necessarily fatal, as long as the complaint pleads sufficient facts to allow the employer readily to identify the employee who spoke to the plaintiff").

In this case, Harbor's complaint lacks the detail necessary to allow Patterson to identify which employee or employees made the allegedly fraudulent statement. Harbor is vague as to timing, and Harbor does not identify either the mode of communication or the recipient of the allegedly fraudulent statement. In short, Harbor has simply pleaded that at some (unidentified) time, some (unidentified) agent of Patterson told some (unidentified) agent of Harbor that the dental chairs would be professionally installed. With so little context, Patterson cannot be expected to prepare a defense. *See Com. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995) ("one of the main purposes of [Rule 9(b)] is to facilitate a defendant's ability to respond and to prepare a defense to charges of fraud"). The Court therefore grants Patterson's motion to dismiss Harbor's fraud claims (Counts III and IV).

## C. Contract Claims

Patterson moves to dismiss Harbor's contract claims as barred by a contractual limitations period.[1] In response, Harbor argues that the March installment-sale contracts, which do not impose limitations periods, substituted for the February contract, which imposes a two-year limitation period. Harbor further argues that, even if the February contract remains in effect, the limitations period was equitably tolled

---

[1] Patterson contends that Harbor's fraud claims are also barred by the contractual limitations period. As the Court agrees with Patterson that the fraud claims are insufficiently pleaded under Rule 9(b), the Court need not address whether the contractual limitation period applies to non-contractual claims.

and tolled by estoppel until March 2024, when Harbor discovered the kinked and crammed tubes in the junction box.

With respect to Harbor's contention that the March contracts displaced the February contract: This argument need not detain the Court long, as it is self-defeating. Harbor's contract claims are based on the allegation that Patterson improperly installed the equipment. But Harbor admits that the March contracts do not say anything about installation. ECF No. 13 at 2. If Harbor is correct that the March contracts superseded and extinguished the February contract, then the March contracts also extinguished any obligation to install the equipment. Both of the March contracts contain merger clauses stating that they are "a final and complete statement of the terms, conditions and representations made by both parties" and that "[a]ll previous representations of agreements, written or verbal, are merged into the terms hereof which shall control the obligations of the parties." Weber Aff. Ex. B ¶ 17; *id.* Ex. C ¶ 17. Consequently, extrinsic evidence would be inadmissible to establish that Patterson was contractually required to install the equipment. *See Borgersen v. Cardiovascular Sys., Inc.*, 729 N.W.2d 619, 625 (Minn. Ct. App. 2007) (extrinsic evidence is not admissible to vary, contradict, or alter a completely integrated written contract).[2] In short, if Harbor is correct that the

---

[2]The parties seem to agree that Minnesota law governs, so the Court follows suit.

March contracts control, then Harbor does not have a breach-of-contract claim for deficient installation.

Conversely, if Harbor is incorrect and the February contract applies, then Harbor's claims are subject to the February contract's two-year contractual limitations period. Under Minnesota law, a claim for breach of contract accrues at the time of breach, not at the time of discovery of the breach. *See Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 832 (Minn. 2011). The breach occurred in March 2019, when Patterson allegedly improperly installed the equipment. Because Harbor brought this action nearly six years later, its breach-of-contract claims are clearly time-barred under the contractual limitations period.

Although it is true that a plaintiff does not ordinarily have to plead around an affirmative defense, courts recognize an exception when the face of the complaint establishes that the plaintiff's claims are time-barred.[3] In that circumstance, the plaintiff bears the burden of pleading a basis for tolling the limitations period. *See Olson v. Amatuzio*, 799 F. App'x 433, 436 (8th Cir. 2020) (affirming dismissal of negligence claim as time-barred because plaintiff "did not plead sufficient facts that [the defendant] concealed the facts relevant to the cause of action"); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009) (affirming dismissal of contract claims because plaintiff failed to

---

[3]Patterson does not dispute Harbor's characterization of a contractual limitations period as an affirmative defense.

plead a basis for fraudulent concealment sufficient to toll the statute of limitations); *cf. Hansen v. U. S. Bank Nat'l Ass'n*, 934 N.W.2d 319, 326 (Minn. 2019) (recognizing that a complaint may be dismissed as time-barred "when it is clear from the stated allegations in the complaint that the statute of limitations has run").[4]

Harbor first contends that the limitations period should be equitably tolled, citing equitable-tolling principles applied in the context of federal employment-discrimination cases. *See* ECF No. 13 at 8 (citing *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323 (8th Cir. 1995) and *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830 (8th Cir. 2002)). But this is a diversity case, so Minnesota law, not federal law, controls the issue

---

[4]In *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 943–44 (8th Cir. 2021), the Eighth Circuit reversed the district court's dismissal of the plaintiff's Family and Medical Leave Act ("FMLA") claims as barred by the statute of limitations. *Id.* at 943–44. The district court had dismissed the claims because the plaintiff failed to plead that the violations were willful, a necessary condition for extending the limitations period to three years. *Id.* In reversing the dismissal, the Eighth Circuit seemed to question whether plaintiffs ever have a burden to plead facts to overcome an affirmative defense. *Id.* at 943–44.

*Weatherly* is distinguishable, however, in that the complaint in that action did not, on its face, establish that the claims were time-barred, as the three-year statute of limitations could still have applied. In contrast, the complaint in this case establishes on its face that Harbor's claims are time-barred. Harbor is therefore subject to the rule in *Drobnak* and similar cases that hold that plaintiffs in this situation must plead facts sufficient to toll the limitations period.

Finally, the Court notes that, to the extent that *Weatherly* conflicts with *Drobnak*, the Court is bound by *Drobnak*. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("when faced with conflicting panel opinions, the earliest opinion must be followed").

of equitable tolling.  *See Great Plains Tr. Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).  Minnesota's standard for equitable tolling "is necessarily a high one." *Sanchez v. State*, 816 N.W.2d 550, 561 (Minn. 2012).  Under Minnesota law, equitable tolling applies "only when some factor completely outside the claimant's control prevented him from meeting a statutory deadline."  *Id.*  Moreover, to equitably toll a limitations period on the basis of fraudulent concealment, "the plaintiff's lack of knowledge of the cause of action is irrelevant unless the defendant has actively concealed its existence."  *Id.*

Harbor plainly cannot meet this standard.  Harbor does not allege that any extraordinary circumstance prevented it from bringing a timely claim.  Morever, Harbor does not allege that Patterson affirmatively concealed anything relating to the existence of Harbor's claims; to the contrary, Harbor's own allegations establish that it was aware of the alleged breach almost immediately after the equipment was installed. Compl. ¶¶ 13–15 (alleging that Harbor complained about the installers watching online videos to install the equipment and that Harbor almost immediately began reporting equipment problems to Patterson).

Harbor compares this case to *Buchholz v. Gen. Motors LLC*, No. 23-CV-6004 (SJ/BP), 2023 WL 11697073 (W.D. Mo. Aug. 18, 2023), but *Buchholz* is distinguishable. Applying Missouri law, the court in *Buchholz* tolled the limitations period based on the

plaintiff's allegation that the defendant manufacturer concealed the defect.  *Id.* at *5.  In *Buchholz*, however, the alleged defect did not manifest until more than six years after the plaintiff purchased the vehicle.  *Id.* at *1.  Further, the plaintiff alleged that the defendant manufacturer knew of and actively concealed the defect.  *Id.* at *5.  By contrast, here the alleged defects manifested immediately, and Harbor has not—and, given the allegations in its complaint, cannot—allege that Patterson concealed the defect.  In short, Harbor has failed to plead any basis to equitably toll the limitations period.

Harbor also contends that equitable estoppel tolls the limitations period.  In particular, Harbor contends that Patterson's promises to repair the equipment now estop Patterson from asserting that Harbor's claims are untimely.  *Cf. Rhee v. Golden Home Builders, Inc.*, 617 N.W.2d 618, 622 (Minn. Ct. App. 2000) ("When a party allegedly responsible for remedying a defect in real property makes assurances or representations that the defect will be repaired, that party may be estopped from asserting a statute-of-limitations defense if the injured party reasonably and detrimentally relied on the assurances or representations.").

The problem for Harbor is that, according to the allegations of the complaint, Harbor's last communications with Patterson occurred more than three years before Harbor commenced this action.  *See* Compl. ¶ 22 (alleging a December 2021 request

from Harbor for Patterson to waive $11,000 in charges).  This timing cannot justify estopping Patterson from asserting a two-year limitations defense.  *Cf. Rhee*, 617 N.W.2d at 622 (distinguishing a case in which "five years elapsed with continuing defects but without further assurances or repair efforts").  For estoppel to apply, Harbor had to reasonably and detrimentally rely on a promise made by Patterson.  But Harbor has failed to plead any basis for concluding that the three-year-old communication somehow caused it to miss the two-year limitations period.  Because Harbor has failed to plead a basis for applying equitable estoppel, the Court dismisses its contract claims.

### D.  Request to Amend

Finally, Harbor contends that "any deficiencies in the Complaint should be resolved by an amended pleading."  ECF No. 13 at 13.  Harbor did not follow this District's local rules for seeking leave to amend, which alone justifies denying leave.  *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules.").  Setting that aside, Harbor does not identify a single material fact that it failed to plead in its original complaint but could plead in an amended complaint.  Instead, it points to "the inconsistences and contradictions created by the [February] Order Contract and [March] Sales Contracts drafted by Defendants."  ECF No. 13 at 13.  As explained above, however, Harbor's contract claims fail regardless

of which contracts control, and this argument does not explain how Harbor could fix its deficient fraud claims. Dismissal with prejudice is therefore warranted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion [ECF No. 6] to dismiss plaintiff's complaint is GRANTED.

2. Plaintiff's complaint [ECF No. 1-2] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 3, 2025                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court